UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

        Plaintiff,                      Case No. 1:16-cv-678

v.                                          Hon. Paul L. Maloney

COUNTY OF CALHOUN,
STATE OF MICHIGAN, and
MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 against defendants County of Calhoun ("County"), the State of Michigan ("Michigan"), and the Michigan Department of Corrections ("MDOC"). This matter is now before the Court on motions to dismiss filed by defendants Michigan and MDOC (docket no. 8) and the County (docket no. 10).

    **I.**    **Plaintiff's amended complaint**

In his amended complaint, plaintiff identifies himself as a "natural person" who is an "inhabitant of the republic of Michigan." Amend. Compl. (docket no. 5, PageID.65). Since 1996, plaintiff alleged that "certain agents and confederates" of defendants have conspired to deprive him of his "constitutionally-protected rights to the dominion, association, and consortium of his natural daughters." *Id.* at PageID.65. Specifically, on October 31, 2006, plaintiff was arrested "with malicious intent and under fraudulent pretenses" by agents of the County. *Id.* From March 7, 2007 to February 28, 2015, during his eight years of incarceration, Michigan and the MDOC "fraudulently

deprived [plaintiff] of his liberty (for a purported 'failure to pay' a fraudulently-assigned 'debt')". *Id.* at PageID.66.

Plaintiff appears to raise two constitutional claims. First, plaintiff alleged that defendants violated his "clearly-established Constitutional right" of paternal dominion under the Fourteenth Amendment. *Id.* at PageID.67-68, 70. Second, plaintiff alleged defendants violated his rights under the Thirteenth Amendment and the Anti-Peonage statute by incarcerating him for a "failure to pay." *Id.* at PageID.68, 70. Plaintiff seeks $2,500,000.00 in damages. *Id.* at PageID.70.

## II. Defendants Michigan and MDOC's motion to dismiss (docket no. 8)

Defendants Michigan and MDOC have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). In

---

[1] For reasons discussed in § III, *infra*, plaintiff's service of process on defendants Michigan and the MDOC were defective and the summonses could be quashed pursuant to Fed. R. Civ. P. 12(b)(5). However, because these two defendants have not objected to service and have voluntarily appeared in this action, the Court will not raise the service of process issue *sua sponte*.

making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, while *pro se* pleadings are to be liberally construed, *see Williams*, 631 F.3d at 383, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Defendants Michigan and MDOC contend that they are immune from suit under § 1983. The Court agrees. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100. Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 977 (6th Cir. 1986). *See McCoy v. Michigan*, 369 Fed.Appx. 646, 653-54 (6th Cir. 2010) ("[b]ecause sovereign immunity extends to state instrumentalities, and the MDOC is an arm of the State of Michigan, the MDOC is entitled to sovereign immunity on the § 1983 claim) (internal quotation marks and citations omitted). Accordingly, Michigan and the MDOC's motion to dismiss (docket no. 8) should be granted.

### III.   The County's motion to dismiss (docket no. 10)

Defendant County has moved to dismiss the complaint on a number of grounds, including insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The Court's analysis begins and ends with the service of process issue, because the Court cannot grant relief to the County unless the County is a party to this litigation. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id*. at 350-51. As evidenced by its motion, the County has not waived service of process.

The plaintiff bears the burden of proving that proper service was effected. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich.1994). *See LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) ("actual knowledge and lack of prejudice cannot take the place of legally sufficient service"). In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court may construe such a motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). Indeed, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted,

but the case should be retained for proper service later"). *See also, Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). Under the circumstances of this case, the Court views defendants' Rule 12(b)(5) motion as one to quash service of process rather than as one to dismiss the action. *See Stern*, 200 F.2d at 795.

**B.     Discussion**

"The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Here, the proof of service for Calhoun County was executed by plaintiff "Barry Wayne Adams" and signed by "Barry Wayne Adams All Rights Reserved" of 622 West Green Street, Marshall, Michigan. *See* Proof of Service (docket no. 7, PageID.78); Affidavit (docket no. 7-1). Plaintiff also charged himself $100.00 for attempting to serve the complaint via certified mail. Proof of Service at PageID.78. Based on this record, plaintiff improperly attempted to serve the summons without engaging a third-party process server as required by Fed. R. Civ. P. 4(c)(2), which states that "[a]ny person who is at least 18 years old **and not a party** may serve a summons and complaint" (emphasis added). "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007).

Accordingly, defendant County's motion to dismiss should be granted as to the improperly served summons. Pursuant to *Stern*, 200 F.2d at 795, the summons served on the County should be quashed plaintiff should be directed to properly serve the County. In this regard, the Clerk's Office should be directed to re-issue a summons for the County and plaintiff be given a 14

day extension to serve the County as required under the court rules.

## IV. RECOMMENDATION

For these reasons, I respectfully recommend that defendants State of Michigan and MDOC's motion to dismiss (docket no. 8) be **GRANTED** and that they be **DISMISSED** from this case.

I further recommend that defendant Calhoun County's motion to dismiss (docket no. 10) be **GRANTED** and that the summons served on the County be **QUASHED**.

I further recommend that a summons be re-issued to the County and that plaintiff be given an extension of **14 days** to effect service.

Dated: March 3, 2017                  /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).