UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

       Plaintiff,

v.

COUNTY OF CALHOUN et al.,

       Defendants.
                                        /

File No. 1:16-cv-678

HON. PAUL L. MALONEY

## **ORDER**

This is a civil rights action by an individual proceeding *pro se*. On March 3, 2017, United States Magistrate Judge Ray Kent issued a Report and Recommendation ("R&R"), recommending that the Court grant motions filed by Defendants County of Calhoun, the State of Michigan, and the Michigan Department of Corrections ("MDOC") (ECF No. 27). Plaintiff has filed objections to the R&R (ECF No. 28). For the reasons that follow, Plaintiff's objections will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    A. Defendants State of Michigan and MDOC

The R&R recommends granting the motion for dismissal of Defendants State of Michigan and the MDOC because they are immune from suit in federal court. Plaintiff objects that he did not sue "Michigan"; rather, he sued "*de facto* corporate forms (COUNTY OF CALHOUN; STATE OF MICHIGAN;

MICHIGAN DEPARTMENT OF CORRECTIONS) who are not entitled to 'sovereign immunity[.]'" (Pl.'s objs., ECF No. 28, PageID.176.) However Plaintiff chooses to characterize them, the State of Michigan and the MDOC are defendants in this action and they are immune from suit in federal court. Thus, the Court discerns no error in the recommendation for their dismissal.

Plaintiff contends that the R&R acknowledged his claim under 42 U.S.C. § 1983, but did not acknowledge his claims under other statutes, including: 18 U.S.C. §§ 1582, 1593A, 1595; and 28 U.S.C. § 1651. Even if the R&R erred in overlooking these claims, this error does not change the result. 18 U.S.C. §§ 1582 and 1593A are criminal statutes. They are not enforceable by private citizens. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004). Although 18 U.S.C. § 1595 provides a civil remedy to redress harm from a violation of these criminal statutes, Congress did not abrogate state sovereign immunity through § 1595. *Mojsilovic v. Oklahoma ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1134 (10th Cir. 2016). Consequently, Defendants State of Michigan and the MDOC are immune from suit for that claim as well. Finally, the All Writs Act, 28 U.S.C. § 1651, is not an independent source of jurisdiction for a court. It permits the issuance of writs in aid of the jurisdiction that the Court independently possesses. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002); *Tropf v. Fidelity Nat. Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir. 2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in order to issue a writ under § 1651). Because the Court does not have independent jurisdiction over any claims against the State of Michigan and the MDOC, the All Writs Act does not apply.

B. Defendant Calhoun County

The R&R recommended treating Defendant Calhoun County's motion for dismissal under Rule 12(b)(5) as a motion to quash service. Plaintiff served the complaint on Calhoun County himself rather than using a third party, in violation of Rule 4(c) of the Federal Rules of Civil Procedure. The R&R recommends granting Plaintiff an additional 14 days to effect proper service.

Plaintiff acknowledges in his objections that he personally mailed the complaint and summons to Defendant, but he contends that it was the United States Postal Service that actually served the complaint. Even if service by an employee of the postal service complies with Rule 4(c), however, Plaintiff also failed to comply with Rule 4(j), which applies to service upon a state or local government. This Rule provides that a county must be served by "delivering a copy of the summons and of the complaint to its chief executive officer," or in a manner permitted by state law. Fed. R. Civ. P. 4(j)(2). State law permits service upon a county by personally serving "the chairperson of the county commission or the county clerk." Mich. Ct. R. 2.105(G)(1). Plaintiff has not complied with any of these rules. Thus, the Court agrees that service was improper.

Plaintiff contends, without support, that the Court should ignore the requirements of Rule 4 and deem the complaint to have been properly served because Defendant's attorney has filed an appearance and a motion to dismiss. A party may file a motion objecting to the sufficiency of service without waiving the service requirements. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery of the summons and complaint." 5B Wright & Miller Federal Practice and Procedure: Civil 3d § 1353 (2004). Defendant has filed such a motion and is entitled to a ruling on it.

Accordingly, for the reasons stated herein and in the R&R:

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 28) are **DENIED.**

**IT IS FURTHER ORDERED** that the R&R (ECF No. 27) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants State of Michigan and the Michigan Department of Corrections (ECF No. 8) is **GRANTED**. Defendants State of Michigan and the Michigan Department of Corrections are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant Calhoun County (ECF No. 10), construed as a motion to quash service, is **GRANTED**. The summons served on the County is **QUASHED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to reissue a summons for Calhoun County. Plaintiff is given an extension of **14 days** to effect service on Calhoun County.

Dated: March 24, 2017               /s/ Paul L. Maloney
                                    PAUL L. MALONEY
                                    UNITED STATES DISTRICT JUDGE