UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

        Plaintiff,        Case No. 1:16-cv-678

v.        Hon. Paul L. Maloney

COUNTY OF CALHOUN,
STATE OF MICHIGAN, and
MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 against defendants County of Calhoun ("County"), the State of Michigan ("Michigan"), and the Michigan Department of Corrections ("MDOC").[1] The only remaining defendant is the County.[2] This matter is now before the Court on the County's motion to dismiss (ECF No. 37) and plaintiff's "Notice of request for summary disposition; or, in the equivalent, verified motion for summary judgment" (docketed as a motion for summary judgment) (ECF No. 43).

        **I.**        **Plaintiff's amended complaint**

Plaintiff's amended complaint contains vague and sometimes incomprehensible statements of alleged misconduct (ECF No. 5, PageID.63-67), disjointed legal arguments (citing

---

[1] The Court notes that plaintiff's amended complaint purports to bring this action under the following civil statutes (28 U.S.C. §§ 1331, 1333, 1343, 1367, 1443, and 1651; and, 42 U.S.C. §§ 1981-1983, 1985-1988, and 1994) and the following criminal statutes (18 U.S.C. §§ 2-4, 35, 241, 242, 371, 401, 872, 1001, 1341, 1346, 1505, 1510, 1581-1595, 1621-1622, and 1961-1968). Amend. Compl. (ECF No. 5, PageID.64).

[2] While plaintiff's amended complaint also purports to sue "as yet unnamed Jane and John Does, individuals and state actors operating under color of law," plaintiff has never identified these unknown parties.

among other things natural law, federal statutes, federal constitutional law, and state contract law) (*id*. at PageID.67-70), and requests for relief which include $2.5 million in damages and an investigation of defendants by "the Federal District Attorney, or the Federal Bureau of Investigation's Government Corruption Division" (*id.* at PageID.70-71). The Court summarized plaintiff's claims in a previous report and recommendation as follows:

> In his amended complaint, plaintiff identifies himself as a "natural person" who is an "inhabitant of the republic of Michigan." Amend. Compl. (docket no. 5, PageID.65). Since 1996, plaintiff alleged that "certain agents and confederates" of defendants have conspired to deprive him of his "constitutionally-protected rights to the dominion, association, and consortium of his natural daughters." *Id.* at PageID.65. Specifically, on October 31, 2006, plaintiff was arrested "with malicious intent and under fraudulent pretenses" by agents of the County. *Id.* From March 7, 2007 to February 28, 2015, during his eight years of incarceration, Michigan and the MDOC "fraudulently deprived [plaintiff] of his liberty (for a purported 'failure to pay' a fraudulently-assigned 'debt')". *Id.* at PageID.66.
>
> Plaintiff appears to raise two constitutional claims. First, plaintiff alleged that defendants violated his "clearly-established Constitutional right" of paternal dominion under the Fourteenth Amendment. *Id.* at PageID.67-68, 70. Second, plaintiff alleged defendants violated his rights under the Thirteenth Amendment and the Anti-Peonage statute by incarcerating him for a "failure to pay." *Id.* at PageID.68, 70. Plaintiff seeks $2,500,000.00 in damages. *Id.* at PageID.70.

Report and Recommendation (ECF No. 27, PageID.169-170), adopted in Order (ECF No. 30).

Plaintiff alleged that since 1996, the four state actors, i.e., the "County of Calhoun," "37th Circuit Court," "10th District Court," and "Calhoun County Friend of the Court," conspired to deprive plaintiff of his dominion, association, and consortium of his natural daughters. Amend. Compl. at PageID.65. In addition, "agents and confederates" of the state actors arrested plaintiff and unconstitutionally returned him "to a condition of peonage and involuntary servitude in violation of federal law." *Id*. The peonage and involuntary servitude refer to plaintiff's incarceration for failing to pay child support, which he characterized as follows:

> That from March 7, 2007, to February 8, 2015, and with the further complicity of the *de facto* corporate "STATE OF MICHIGAN", "MICHIGAN DEPARTMENT

> OF CORRECTIONS" and their agents and confederates, Petitioner was fraudulently deprived of his liberty (for a purported "failure to pay" a fraudulently-assigned "debt") in furtherance of said return to that *de facto* system of peonage as has been established and maintained by those state actors mentioned in paragraph 4, above, resulting in further and additional injuries and damages.

*Id*. at PageID.66.

## II.     Defendant County's motion to dismiss (ECF No. 37)

The County has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not oppose the motion; however, as discussed *infra*, plaintiff filed his own motion for summary judgment. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the

3

Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff alleged that defendants' deprived him of his federal rights under the Thirteenth Amendment, the Fourteenth Amendment and the "Anti-Peonage statute," 42 U.S.C. § 1994. The Thirteenth Amendment provides in pertinent part that "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Fourteenth Amendment provides in pertinent part that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Finally, 42 U.S.C. § 1994 ("Peonage abolished") states that: "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void." [3]

---

[3] "The Supreme Court has defined peonage, forbidden under § 1994, as compulsory service in the payment of a debt. *Bailey v. Alabama*, 219 U.S. 219, 31 S. Ct. 145, 55 L. Ed. 191 (1911). The Ninth Circuit held that 'peonage' requires that a person be held against his or her will and be forced to believe that he or she has no alternative but to perform

The Court notes that the County's statement of facts cite plaintiff's allegations from his original complaint. *See* Defendant County's Brief (ECF 38, PageID.227-228). As discussed in the previous report and recommendation, the complaint at issue is plaintiff's amended complaint, not his original complaint.[4]  Nevertheless, the County points out that the operative allegations in plaintiff's claim relate to actions by the state courts, including plaintiff's eight-year incarceration at the MDOC. In this regard, the County relies on information obtained from the MDOC Offender Tracking Information System ("OTIS"), which reflects that plaintiff was sentenced by the Calhoun Circuit Court for failure to pay child support as required by a court order (M.C.L. § 750.165) on March 5, 2007, and discharged from the MDOC on February 28, 2015. *See* OTIS report (ECF No. 11-1, PageID.112).  This conviction appears to be the basis for plaintiff's claim that he was deprived of his liberty and illegally incarcerated by the State of Michigan and the MDOC from March 7, 2007 through February 28, 2015. *See* Amend. Compl. at PageID.66.[5]

Once plaintiff's amended complaint is shorn of its tortuous legalese, his federal lawsuit consists of a collateral attack on his 2007 conviction for failing to pay child support, on the ground that state court proceedings were illegal and violated his federal rights under the Thirteenth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1994.  Construing plaintiff's amended complaint liberally, his complaint also claims that the state court order to pay child

---

labor to pay off a debt. *U.S. v. Mussry*, 726 F.2d 1448, 1452-53 (9th Cir.1984).  *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 402 (S.D. Cal. 1997).

[4] The docket sheet reflects that plaintiff served, or attempted to serve, the original complaint on June 3, 2016 (ECF No. 2).  Then, plaintiff served, or attempted to serve, the amended complaint on June 9, 2016 (ECF No. 6).  Pursuant to Fed. R. Civ. P. 15(a)(1)(b) "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it…"   While it is unclear from the record whether plaintiff properly served either complaint, the Court views plaintiff's amended complaint (ECF No. 5) as his one amendment "as a matter of course" under the Court rules.

[5] *See People v. Adams*, No. 276845, 2008 WL 4923036 at *1 (Mich. App. Nov. 18, 2008) ("Defendant appeals as of right his jury trial conviction for failing to pay child support from April 1, 2005, to September 30, 2006. MCL 750.165. Defendant was sentenced to 25 to 96 months' imprisonment for his conviction. We affirm.) (footnote omitted).

support (which formed the basis for the 2007 conviction) is also illegal.  However, plaintiff's claims should be dismissed for lack of jurisdiction.

A federal district court has no authority to review final judgments of state-court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283-84 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Here, the "sources of injury" upon which plaintiff bases this federal lawsuit are the state court proceedings related to child support. This Court lacks jurisdiction to review those proceedings. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 415-16. *See, e.g., Rowe v. City of Detroit*, No. 00-1353, 2000 WL 1679474 at *2 (6th Cir. Nov. 2, 2000) ("Because Rowe's complaint seeks federal court review of state court orders regarding child support, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction . . . Rowe's complaint merely reflects his dissatisfaction with the state court's child support orders and is essentially an attempt to obtain unauthorized federal review of the state court orders calculating and enforcing his child support obligations."). Accordingly, plaintiff's lawsuit should be dismissed.

### III.    Plaintiff's motion for summary judgment (ECF No. 43)

Plaintiff did not file a response to the County's motion to dismiss.  Rather, he filed a motion for summary judgment.  Plaintiff brought his motion pursuant to Fed. R. Civ. P. 56(a),

which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Even if the Court assumes that all of the facts alleged by plaintiff are true, plaintiff is not entitled to judgment as a matter of law. Plaintiff's motion for summary judgment fails to address the fatal flaw in this case, i.e., that the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction in this case. Accordingly, plaintiff's motion for summary judgment should be denied.

### IV.     Unserved John and Jane Does

Finally, plaintiff has not identified the individual defendants who allegedly assisted the County, the State of Michigan, and the MDOC to violate his federal constitutional rights. As discussed, this Court lacks jurisdiction in this case. Accordingly, the entire case, including plaintiff's claims against the unidentified and unserved individual defendants, should be dismissed.

### V.     RECOMMENDATION

For these reasons, I respectfully recommend that defendant Calhoun County's motion to dismiss (ECF No. 37) be **GRANTED** and that plaintiff's motion for summary judgment (ECF No. 43) be **DENIED**.

I further recommend that the unidentified individual defendants, who have neither been identified nor served, be **DISMISSED**.

I further recommend that this action be **TERMINATED**.

Dated:  February 27, 2018                                  /s/ Ray Kent
                                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).