UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,  )
    Plaintiff,  )
  )  No. 1:16-CV-678
v.  )
  )  HONORABLE PAUL L. MALONEY
COUNTY OF CALHOUN,  )
    Defendant.  )
  )

## ORDER ADOPTING R & R

Plaintiff Barry Adams claims that Calhoun County violated his right of "paternal dominion" under the Fourteenth Amendment and violated his rights under the Thirteenth Amendment and Anti-Peonage statute by incarcerating him for a "failure to pay." Calhoun County filed a motion to dismiss and Plaintiff filed a single document that the Court construes as a response to the motion to dismiss and as a motion for summary judgment.

On February 27, 2018, United States Magistrate Judge Ray Kent issued an R & R recommending that the complaint be dismissed for want of jurisdiction pursuant to the *Rooker-Feldman* doctrine. The matter is now before the Court on Plaintiff's objections to the R & R.

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive

and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Simply disagreeing with a Magistrate Judge's conclusions or summarizing what was already presented is not an objection. *See Brown v. City of Grand Rapids*, 2017 WL 4712064 (6th Cir. 2017).

First, a brief recounting of the facts giving rise to Plaintiffs claims. In 2007, Plaintiff was convicted of failure to pay child support as required by a court order, in violation of MCL § 750.165, and sentenced to 25 to 96 months' imprisonment by the Calhoun County Circuit Court. Plaintiff was discharged from MDOC custody on February 28, 2015. Plaintiff's claims under the Thirteenth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1994 arise from his conviction and incarceration under state law.

Plaintiffs objections are colorful, to say the least. At various points, he:

- Accuses Judge Kent of using "psycho-affective rhetorical sophistry" to "attempt to overwhelm the capacities of critical lay cognition . . . ." (ECF No. 50 at PageID.299.)

- Asserts that the R &R evidences "the lack of judicial temperament that is required to adjudicate a pro se litigants pleadings . . . ." (*Id.* at PageID.301.)

- Asserts that both Calhoun County and Judge Kent's "disturbing inabilities to accurately discern, or merely pretend to not discern, the nature of [his] clearly-presented claims is reflective of an underlying authoritariopathy . . . ."

The Court has thoroughly reviewed all of Plaintiff's objections and finds that only one merits brief mention because it addresses the dispositive issue—whether the *Rooker-Feldman* doctrine applies.

Construing Plaintiff's filing with all liberality, he asserts that 42 U.S.C. § 1994 (the Anti-Peonage statute) renders the judgments in his state court proceedings "a legal nullity." However, this statute renders void "the voluntary or involuntary service or labor of any persons, as peons, in liquidation of any debt or obligation . . . ." *Id.*

Plaintiff is not the first to attempt to use the Thirteenth Amendment and Anti-Peonage statute to challenge state-imposed child support or attempt to avoid the consequences of failing to pay the same. *See, e.g., Maley v. Kansas*, 2012 WL 12829188 (D. Kan. 2012); *State ex rel. Schmitz v. Knight*, 2006 WL 2126327 (Wash. App. 1st Div. 2006); *Lentz v. Alabama*, 2007 WL 2461915 (M.D. Ala. 2007); *Child Support Agency v. Doe*, 125 P.3d 461 (Haw. 2005); *McKenna v. Steen*, 422 So. 2d 615 (La. App. 1982) (finding allegations that child support order imposed on a law student amounted to an imposition of involuntary servitude by forcing him to continue in his previous occupation "so ludicrous that they hardly dignify a response"). Like those before him, Plaintiff's theory fails. There is no comparison between paying court-ordered child support and compulsory, involuntary servitude.

Accordingly, Plaintiff's claims are in fact barred by the *Rooker-Feldman* doctrine. "The pertinent question . . . is whether the 'source' of injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Because the source of Plaintiff seeks review of his conviction for failing to pay court-ordered child support, the source of his injury is clearly a state court judgment. *See, e.g., Rowe v. City of Detroit*, 2000 WL 1679474 (6th Cir. Nov. 2, 2000) (concluding that claims reflecting

dissatisfaction with state court child support orders were non-justiciable in federal court pursuant to *Rooker-Feldman*).

Thus, the R &R (ECF No. 49) is **ADOPTED** as the opinion of the Court.

Plaintiff's objections (ECF No. 50) to the R & R are **OVERRULED**.

Defendant Calhoun County's motion to dismiss (ECF No. 37) is **GRANTED** and Plaintiff's motion for summary judgment (ECF No. 43) is **DENIED.**

**JUDGMENT TO FOLLOW.**

**IT IS SO ORDERED.**

**Date:** March 15, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge